## Carprew, Administrator, &c. *v.* Canavan.

A bill of exceptions taken to the opinion of the court, overruling a motion for a new trial, may embody the evidence given at the hearing of the cause, and the appellate court will consider it, so far as the motion is involved; although it was not objected to when introduced.

The statement of the bill of exceptions, as to the time when taken, will prevail over the memorandum of the clerk.

The presumption of payment of an open account, of prior date to the note of the party tendering it as a set off, is a question for the jury.

In a suit by an administrator, it is sufficient that a set-off came legally into the hands of the defendant before the action was brought.

The law restraining judges from charging juries must be liberally construed.

ERROR from the circuit court of Warren county.

This was an action of *assumpsit* brought by the plaintiff as administrator of James Kieran, deceased, against the defendant, on a promissory note made by the defendant to the plaintiff's intestate, James Kieran, in his lifetime, for $1,110 46, dated August 4, 1837, and payable five months after date. The defendant appeared and pleaded *non-assumpsit* and payment, and filed his account of items under the last plea, and issue was joined on both. There was a verdict for the plaintiff for $229 40.

The plaintiff moved for a new trial, on the grounds of misdirection in the charge of the court to the jury, and that the verdict was contrary to evidence, which motion the court overruled, and gave judgment for the plaintiff according to the verdict.

A bill of exceptions was embraced in the record, and a question arose whether it was taken at the trial and before the jury retired, or afterwards, on the motion for a new trial. Immediately after the entry of the motion for a new trial, and the decision thereon, is the following entry:

"*Memorandum.* Upon the trial of the motion herein for a new trial, the plaintiff excepted to opinions of the court given against him, and tendered his bill of exceptions, which is signed, sealed and made a part of the record in this case, which said bill of

exceptions is in the words and figures following, to wit:" "Joshua Carprew, .Administrator of James Kieran, deceased, *v.* Thomas Canavan, &c." and proceeded thus, "Be it remembered that on the trial of the above cause, the defendant offered to the court, as set-off to the demand in plaintiff's declaration: 1. An open unliquidated account, as follows:" giving the account as stated, showing a balance of $153 12 for services rendered by defendant to the deceased in 1836 and 1837, and offered evidence to prove its correctness. "2. Several promissory notes, made by James Keiran, the deceased, payable to different persons, and endorsed to the defendant." The defendant also offered evidence to prove that all these several off-sets had been probated before the probate court of said county and allowed, and ordered to be certified in behalf of said defendant. The defendant offered evidence to prove the consideration of his own note to the deceased, and also to prove his services to the deceased; all which evidence was admitted to go to the jury.

The plaintiff moved the court to instruct the jury, that if they believed the account offered as a set-off, was for services, &c., prior to the date of the note sued upon, the law presumed that account had been settled by the parties, and paid either before or at the time of giving the note, and it could not be allowed as a deduction from the plaintiff's claim. The court stated to the jury, they might presume, from the execution of the note, that a final settlement had taken place when the note was executed, that it might be likened to a case of rent, where a receipt was produced for a month's rent, they might presume the previous month's rent paid also. Secondly, that open unliquidated accounts against the estate of the deceased could not be set off against the promissory notes of defendant due him. Thirdly, the plaintiff moved the court to instruct the jury, that certain promissory notes offered by defendant, as sets-off to the plaintiff's demand, being payable on their face to H. Glass or bearer, could not be admitted as a set-off, unless they were satisfied by proof that they came into possession of defendant *bona fide*, as his property before the death of James Kieran, the plaintiff's intestate, or previous to the grant of letters of administration to the plaintiff. These instructions the court refused, but instructed the jury that they must be satisfied that

[Carprew, Administrator, &c. *v.* Canavan.]

the defendant held the notes lawfully, before the commencement of the action.    To these several opinions of the court, admitting the sets-off tendered to go to the jury, and also the refusal of instruction, prayed for by the counsel for the plaintiff, "the plaintiff excepts, and prays that this, his bill of exceptions, may be signed and sealed, *before the jury left the box,* and made a part of the record, which is accordingly done."

Norcom & Mason for plaintiff in error.

The court below erred in refusing to give the instructions asked, and in permitting the notes of Kieran, (plaintiff's intestate,) to H. Glass, Charles W. Anderson, and P. Scrimshaw, to go to the jury as offsets, no proof having been made or offered, that they came into defendant's possession or were his property before the death of Kieran, (plaintiff's intestate,) or even previous to the grant of administration.

Because it was not in accordance with the statute to allow such offsets.    Rev. Code, p. 119, sec. 63.    Because the law regulating the distribution of the estate of deceased persons who may die indebted, is thereby evaded; and a fraud may be committed on creditors by allowing parties indebted to the estate of such deceased persons to procure or purchase the notes, &c. of the deceased, to be used as offsets to the demands against them by the estate of the deceased.    Rev. Code, p. 59, sec. 103.

And for other authorities going to show such off-sets not to be legal ones, see Montague on Set-off, p. 20.    "Set-off must be due in his own right, except in case of executor or administrator, and these must be due between testator or intestate and the other party in their own rights respectively."

"In an action brought by an administrator for a debt due to his intestate, the defendant cannot set-off a debt due from the intestate, purchased by the defendant after the death of the intestate." 20 Johns. Rep. 139, Root, adm'r. *v.* Taylor.

The last error assigned will appear from the record in the charge given.    Page 11 of record.

Guion and Smedes, *contra.*

1. The bill of exceptions taken to the opinions of the Judge be-

low, cannot be regarded by this court. Because it appears from the bill of exceptions itself, that it was not taken until after the verdict of the jury. The following is the language of the record: "Upon the trial of the motion herein for a new trial, the plaintiff excepted to opinions of the court given against him, and tendered his bill of exceptions, which is signed, sealed and made a part of the record in this case, which said bill of exceptions is in the words and figures following to wit, &c." *Vide.*

2. This court will notice no errors other than those assigned. The first error assigned by the plaintiff is, "the court below erred in permitting an unliquidated, open account against a deceased person to be given in evidence as a set-off against a promissory note, executed after the dates of the several items in the open account." The first question that occurs is, are the facts as detailed in the first assignment of error? An inspection of the record will show at least a matter of great doubt. The note sued on is dated August 4, 1837, and matured 5 months after date, to wit, on the 7th of January, 1838. The last item charged in the accounts filed as set-off by defendant, was proved to be in the hand writing of the plaintiff's intestate, and was dated October 24, the year being 1837, as will appear by inspection of the account. The account, therefore, was for services rendered three months after the execution of the promissory note sued on, and not before the date of the note as alleged. And therefore, Kieran's estate not being insolvent, was a good set-off. Montague on Set-off. The first assignment of error is clearly not warranted by the facts, and the court below did not err in permitting the account to go to the jury.

The second assignment of error is not true in fact. For there was proof that the notes offered by way of set-off were the property of defendant, before action brought.

The third assignment of error is likewise untrue. The instruction of the court to the jury, "that they must be satisfied that the defendant held the notes lawfully before the commencement of the action," was warranted by the facts. For it was as the record shows directly in evidence, that the notes offered as off-sets were the property of defendant before action brought. The rule established by this court is, that the bill of exceptions must show the precise

ground of exception. 3 Howard, 422. In relation to the third assignment of error, this rule is not complied with. It is true the record shows that the court did give instructions to the jury. But it does not show, nor does the bill of exceptions state, that the instructions given were unasked for, but on the contrary, the inference is, that the instruction complained of as being given unasked was given properly, and at the request of the defendants, especially as the contrary does not appear, as the instruction was not excepted to at the time, either on the ground of being uncalled for or contrary to law, and as it was in truth as well as in the opinion of the plaintiff below, at the time he assigned errors herein, a just and correct exposition of the law.

Having disposed of the errors assigned, it may not be amiss to reply to and meet the statement of fact and of error, differing from the formal assignment, as made by .the plaintiffs, in their abstract and brief filed in the cause. The brief of the plaintiff presents no question as to the account of the defendant for services, being a proper off-set. Even the authority quoted sustains the court below in admitting it.

But in relation to the notes offered by the defendant and allowed as off-sets, the first position taken by the plaintiff's counsel is a strange one, that it was not in accordance with the statute, Revised Code, page 119, sec. 63, to allow off-sets of such a nature. That statute provides expressly, "if two or more have dealings together, be indebted to each other, &c. &c. it shall be lawful for the defendant to plead payment, &c. and give any bond, bill, receipt, or account in evidence." In 1st Howard, 43, Oldham, use &c. v. Ledbetter, it was among other things decided, "by assignment or delivery of a promissory note, the party into whose hands the note may come, is instanter vested with an absolute right to control its contents, the drawer from that moment becomes the debtor of the holder, and is responsible to him alone." See also 2 Howard, 519, Glass v. Moss, where an assigned note was held a good off-set. The same point is decided in Pease v. Turner, 3 How. 375.

The second reason assigned why the off-sets were improperly admitted, is even more strange than the first, to wit, that it was an evasion of the law regulating the distribution of estates, as contained in Revised Code, page 59, sec. 103, a law regulating the estates of

[Carprew, Administrator, &c. v. Canavan.]

insolvent persons!  It is scarcely necessary to refer to the record, to show that there was not even an intimation of insolvency on the part of the plaintiff's intestate.

The third point is, that the off-sets were illegal, in proof of which plaintiff's counsel cites Montague on Set-off, and 20 Johnson, 139.  The authority from Montague, when explained by our statute and the decision above quoted of this court, sustains the judgment of the court below.  It is needless to comment further upon it.  Nor is the case in 20th Johnson adverse.  It was decided in special reference to their statute of set-off, where too, the facts were wholly different.  The deceased person was insolvent, and the notes offered as set-off, were bought up after his death at a large discount.  There is no proof of any such facts in this case. The law and facts are both different, upon which the court predicated its opinions in that case, and of course it cannot apply here.

That the off-sets were legal and proper, see 1 Howard, p. 97, Whitehead & wife *v.* Cade *et al.*, where the court gives as lucid, clear and simple a definition of off-sets as can be found in any of the elementary books, to wit: " an off-set is ·in the nature of a cross action, substituted for the purpose of effecting justice, without an accumulation of actions, and can only be set up for a specific sum, when an action might be brought for it."  The definition, if it had been expressly made for the case in point, could not have been more applicable.

In relation to the third assignment of error, the defendant cites likewise, Irwin *v.* Jones, 1 Howard, 498.  " It is a settled principle, that no bill of exceptions is valid, which is not taken for matter excepted to at the trial," United States *v.* Walton, 9 Wheaton, 651.  The charge of the court was *not* excepted to at trial.  Hackle's Heirs *v.* Lewis Cabell, Wal. Rep. 91.

TURNER, Justice, stated the facts of the case, and delivered the opinion of the court.

It appears by the bill of exceptions, that the exceptions were taken before the jury left the box, although the clerk states in the record, that the exceptions were taken on the motion for a new trial.

There is an assignment of errors.  The case is submitted by consent, on briefs.

[Carprew, Administrator, &c. *v.* Canavan.]

The defendant in error has raised the question, as to the time of taking the exceptions to the opinion of the court. We are of opinion, that, since the passage of the statute, allowing appeals and writs of error, on the decisions of the court, in granting and refusing motions for new trials, the court below, on such motion being made, should embody the evidence in the cause, whether excepted to or not. If this is not done, how is the court of appeals to judge of the correctness of the decision of the court below on motions for new trials.

The first error complained of, is, that the court erred in permitting an open unliquidated account against a deceased person, to be given in evidence as a set-off against a promissory note, executed after the dates of the items of the account. There is surely no error in this. A person may have various dealings with another at the same time, by bonds, notes, bills, and accounts. In all such cases, the jury must decide, from proof, positive or presumptive. In this case, the defendant it seems, offered satisfactory evidence, of the consideration of the note which he gave to the deceased; and also of the running account between them, and of the services rendered.

The second error assigned, is, that the court erred in suffering the three promissory notes, payable on their face to H. Glass, Scrimshaw and others, to go to the jury as sets-off, without proof that they were *bona fide* the property of the defendant before the death of the deceased, or action brought.

As to this matter, the court charged the jury, that they must be satisfied that the defendant held the notes lawfully, before the commencement of the action. In this, the court consulted the true principles of off-sets, and expressed it with becoming brevity, and it was, as expressed, by no means impertinent to the charge requested. The law forbidding judges from charging juries, unless. &c., should receive a liberal and reasonable construction, and such, I am informed, it has received from this court.

The answer to the second assignment, is an answer to the *third*.

We see no error in the record, and the judgment must be affirmed.